UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OBED BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1662 PLC |
| | ) |
| SALLY PANZER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983. The Court will grant plaintiff's motion to proceed in forma pauperis and dismiss this action pursuant to 28 U.S.C. § 1915.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action alleging "Title VII Discrimination based on race/color and sex." Plaintiff also alleges that his rights have been deprived pursuant to 18 U.S.C. 242 "under color of law." And plaintiff alleges that defendant has "altered records" and falsified" documents in violation of 18 U.S.C. § 1519.

Plaintiff, Obed Brown, a self-identified "trans-sexual woman," brings this action against Sergeant Sally Panzer, a St. Louis City Police Officer. Plaintiff claims that he was "arrested" by defendant Panzer in January 2018, without "Miranda Rights," and based on a "falsified medical affidavit," he was taken to Barnes Jewish Hospital and placed on a 96-hour psychiatric hold. Plaintiff claims that the psychiatric hold was obtained "illegally" by defendant Panzer, who obtained a Court Order for 96-Hour Detention from Probate Judge Michael Mullin based on what plaintiff alleges to be false an inaccurate statements.

Plaintiff claims that defendant Panzer obtained the Court Order by illegally hacking into plaintiff's social media account, accusing plaintiff of being schizophrenic and bi-polar, accusing plaintiff of making threats via social media to kill one of the Judges of this Court who is presiding over a employment discrimination lawsuit filed by plaintiff, and accusing plaintiff of expressing statements of delusions and violence against others. Plaintiff denies that defendant Panzer's statements in her application for the 96-Hour hold to Judge Mullin were accurate.

Plaintiff has attached the Judge Mullin's Order for the 96-Hour hold, as well as the Application for the hold filed by Sergeant Panzer and the accompanying Affidavit. Plaintiff's

handwritten notes on these documents are also part of this Court's record. For example, in Sergeant Panzer's Affidavit in support of her application to the Court, she states:

On Monday January 9, 2018, FBI S.A. Adam Launius contacted me related to the Respondent. The FBI was notified regarding threats being made on social media to kill Keaunte Handley. The respondent tweeted, "@FBI It's NOT enough SPACE in the world that can STOP me from KILLING #KeaunteHandley or any of them BITCHES! #NOmeans STOP!" Respondent has further tweeted that a specified person is stalking him using astral projection technological APP to torture and rape him of his liberty and freedom. He is also expressing delusional thinking about Chris Brown: Chris Brown has caused him distress. Similar rants and threats can be found on his Facebook page and on Twitter.

On Thursday January 11, 2018 I was contacted by Detective Joseph Cichacki with the St. Louis Metropolitan Police Department. He informed me that the Respondent was also making threats against a judge who is currently residing [sic] over a civil class action suit against Express Scripts of which the Respondent is a part.

Based upon the level and amount of the threats made against specified people to include a judge, I request that the respondent be taken into protective custody and an involuntary 96 hour hold be granted. He is expressing a clear danger to others, which could lead to a danger to himself.

Plaintiff noted in writing at the bottom of the Affidavit, "I have proof of my claims regarding Astral Projection. Sally Panzer didn't read me my Miranda Rights."

Plaintiff seeks between $500,000-10,000,000 in damages in this action.

## Discussion

Sally Panzer did not employ plaintiff, therefore, she cannot be held liable for employment discrimination pursuant to 42 U.S.C. § 2000(e). Moreover, plaintiff cannot pursue a private right of action under the criminal statutes 18 U.S.C. §§ 242 and 1519.

Absent use of compelled statements in "criminal case" against a suspect, there is no cause of action for failure to give a "suspect" his Miranda Rights. See, e.g., *Chavez v. Martinez,* 538 U.S. 760, 772 (2003). Moreover, this Court will not overrule a state court's findings as to whether there was a need for a mental health hold at the time plaintiff was placed on such a hold by Judge Mullins. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486

(1983). Judge Mullins made a credibility determination as to defendant Panzer's testimony at the time defendant Panzer appeared before him, and this Court will not disturb such a determination.

Additionally, and most importantly, there appears from the record before this Court this action appears factually frivolous, as there appears to have been a reason for the mental health hold at the time it was granted by Judge Mullins. Plaintiff has indicated that he has proof regarding his claims for "astral projection." And he believes that Sally Panzer discriminated against him based on "sex" merely because he is a "medically diagnosed" trans-sexual woman." Additionally, plaintiff has admitted that the 96-hour hold turned into a twenty-two (22) day stay in the mental health treatment center at Barnes Jewish Hospital. Also, at the time he was placed on the hold, he was living in his car. Thus, the Court believes that plaintiff's action against Sergeant Panzer is frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (An action is factually frivolous if the facts alleged are "clearly baseless"; allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of October, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE